UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
VICTORIA DIVISION

| | | |
|---|---|---|
| **MARK D. MARAGGIA** § | | **CIVIL ACTION NO.** |
| **Plaintiff,** § | | _____ |
| § | | |
| vs. § | | |
| § | | |
| **SHOPPA'S FARM SUPPLY, INC.,** § | | **JURY DEMAND** |
| **Defendant.** § | | |
| § | | |

## COMPLAINT

1. Congress designed the Fair Labor Standards Act of 1938 ("FLSA") to remedy situations "detrimental to the maintenance of the minimum standard of living necessary for health, efficiency, and general well-being of workers." 29 U.S.C. § 202(a). To achieve this broad remedial purpose, the FLSA establishes minimum wage and overtime requirements for covered employees. 29 U.S.C. §§ 206, 207. These provisions, coupled with an effective integrated cause of action within the FLSA, prevent employers from pilfering the wages rightfully earned by their employees.

### Jurisdiction and Venue

2. This Court has subject matter jurisdiction of this action pursuant to 28 U.S.C. § 1331 as this case is brought under the laws of the United States, and specifically the FLSA, 29 U.S.C. § 216(b).

8. Venue is proper in the Southern District of Texas Victoria Division pursuant to 28 U.S.C. § 1391(b) because Defendant conducts business in this district.

## Parties

9. Plaintiff Mark D. Maraggia is an individual who resides in Victoria, Texas.

10. Defendant Shoppa's Farm Supply, Inc. ("Shoppa's" or "Defendant") is a Texas for-profit corporation, which does business in Texas. Defendant may be served process through its registered agent as follows: Christopher A. Shoppa, 25830 US 59 RD, El Campo, Texas 77437.

## FLSA Coverage

11. At all material times, Defendant has been an employer within the meaning of the FLSA. 29 U.S.C. § 203(d).

12. At all material times, Defendant has been an enterprise within the meaning of 29 U.S.C. § 203(r).

13. At all material times, Defendant has been an enterprise in commerce or in the production of goods for commerce within the meaning of 29 U.S.C. § 203(s)(1) due to the fact Defendant has and continues to have employees engaged in commerce.

14. Defendant has an annual gross business volume of not less than $500,000, thereby exceeding the statutory standard. 26 U.S.C. § 203 (s)(1)(A)(ii).

15. At all material times, Plaintiff was an individual employee who engaged in commerce or in the production of goods for commerce as required by 29 U.S.C. § 206-207.

16. While employed by Shoppa's as a technician, Plaintiff's primary work consisted of manual labor. He was a non-exempt employee under the FLSA.

## Facts

17. Shoppa's is a retailer of new and used agricultural, construction, and landscaping equipment. It has eight locations in Texas, including one in Victoria, where Plaintiff worked.

19. Shoppa's employed Plaintiff as a technician from January 3, 2012, to February 8, 2019.

20. Since at least 2016, Plaintiff's hourly rate has been $20.00, and his overtime hour rate has been $30.00. Shoppa's also paid Plaintiff performance incentives in 2016, 2017, 2018, and 2019, pursuant to the Shoppa's Farm Supply Service Incentive Plan (the "Plan"). The Plan, instituted on a company-wide basis in 2013 and revised periodically (the most recent being in January 2019), provided performance-based pay incentives that should have been included in calculating

the overtime rate in the pay periods when they were earned, as required by 29 U.S.C. § 207(e) and 29 C.F.R. § 778.209(a). But they never were: Mr. Maraggia's rate in 2016-2019 was $30.00/hour for all overtime hours.

### Count One: Violation of 29 U.S.C. § 207

21. Plaintiff incorporates the preceding paragraphs by reference.

22. Defendant violated the FLSA by failing to pay Plaintiff overtime at the rate that accounted for incentive payments pursuant to the Plan, in violation of 29 U.S.C. § 207(e) and 29 C.F.R. § 778.209(a).

23. No exemption provided in the FLSA or recognized by courts authorized the Defendant not to pay complete, correctly calculated overtime wages to Plaintiff.

24. Defendant's failure to pay overtime properly to Plaintiff in violation of the FLSA was willful and not based on a good faith belief that its conduct did not violate the FLSA. The foregoing conduct, as alleged, constitutes a willful violation of the FLSA within the meaning of 29 U.S.C. § 255(a). Therefore, a three-year statute of limitations applies to this action.

### Damages

25. Plaintiff is entitled to recover his unpaid overtime compensation.

26. Plaintiff is entitled to recover an amount equal to all his unpaid

overtime wages as liquidated damages. 29 U.S.C. § 216(b).

## Jury Demand

27. Plaintiff hereby demands a trial by jury.

## Prayer for Relief

28. For these reasons, Plaintiff respectfully requests that judgment be entered in his favor awarding the following relief:

   a. Overtime compensation for all hours worked over forty in a workweek at the applicable time-and-a-half rate;

   b. An equal amount as liquidated damages as allowed under the FLSA;

   c. Reasonable attorney's fees, costs, and expenses of this action as provided by the FLSA; and

   d. Such other relief to which Plaintiff may be entitled, at law or in equity.

Respectfully submitted,

MAREK, GRIFFIN & KNAUPP
203 N. Liberty Street
Victoria, Texas   77901
Tel: (361) 573-5500
Fax: (361) 573-5040

By:

*/s/ Robert E. McKnight, Jr.*
Robert E. McKnight, Jr.
Texas Bar No. 24051839

Attorney for Mark D. Maraggia